[No. 34.   Third Appellate District.—July 11, 1905.]

## HOWARD PERRIN, Appellant, v. CHARLES L. CARBONE, Respondent.

ACTION FOR MONEY LOANED—MODE OF REPAYMENT—CONFLICTING EVIDENCE.—In an action for money claimed to have been loaned to the defendant without conditions, where defendant claimed that it was advanced by plaintiff as agent of an insurance company to defray

expenses of defendant as a soliciting agent of the same, and was not to be repaid except out of commissions earned, when sufficient, where the evidence was sharply conflicting, the verdict of the jury for the defendant cannot be disturbed in the absence of reversible error.

ID.—CROSS-EXAMINATION OF PLAINTIFF—QUESTION NOT ANSWERED.— The alleged error of the court in overruling an objection to a question asked of the plaintiff on cross-examination does not appear prejudicial where the record shows no answer to the question.

ID.—PROPER CROSS-EXAMINATION—CUSTOMARY ACTION OF PLAINTIFF.— It was proper to ask of plaintiff upon cross-examination how many agents he had employed during the last five years that had received loans from him whose commissions had not covered the amount of loans and whom he had not sued, and to show in answer thereto that there were at least a dozen of them, as tending to discredit plaintiff's theory that the advance to defendant was to be paid irrespective of commissions.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial. H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Weber & Rutherford, for Appellant.

Bell, York & Bell, for Respondent.

BUCKLES, J. This is an action to recover the sum of three hundred and twenty dollars, money loaned. The answer denies the loan as plaintiff pleads it, and sets up the defense that the money was advanced to defendant by plaintiff as the agent of the Washington Life Insurance Company of New York for the purpose of defraying the expenses of defendant, who was acting as soliciting agent for said insurance company, and that such moneys were not to be repaid except out of the commissions he, the defendant, should earn, when the same should be sufficient. The case was tried by a jury. There were but two witnesses, the plaintiff and the defendant, and the verdict was for the defendant, and judgment was rendered accordingly for defendant, for his costs, amounting to $39.65. A motion was made for a new trial, and denied. The appeal is from the judgment and from the order denying the motion for a new trial.

The evidence shows no difference between the parties as to the amount of money advanced or the date when loaned, but there is a marked and substantial difference as to the repayment of the three hundred and twenty dollars, plaintiff saying it was to be repaid without any condition, and the defendant that it was to be repaid only in case he should make it in the way of commissions in selling insurance for the company. With this very substantial conflict in the evidence the judgment could not be disturbed unless there was some reversible error committed at the trial. Several errors are complained of in the bill of exceptions, but only two seem to have been taken as at all serious, for appellant has mentioned but these two in his argument. The first alleged error our attention is called to is the ruling of the lower court in overruling appellant's objection to the question asked Perrin on cross-examination, which is as follows: "Why did you make an exception in Charlie Carbone's case?" The court overruled the objection, and the record fails to show that the witness answered it at all, unless the answer can be found in the answer to some other question to which there was no objection interposed. The question not having been answered, there was no prejudicial error. (*People* v. *Dennis,* 39 Cal. 625-635.)

The next point to which our attention is called is the alleged error of the trial court in overruling plaintiff's objection to the following question asked by defendant of the witness Perrin on cross-examination: "How many agents have you employed during the last five years that have received loans from you whose commissions have not covered the amount of loans, and whom you have not sued and brought an action against?" Objection was made on the ground that it was irrelevant, immaterial, and incompetent, and not cross-examination, and had nothing to do with the case at issue. The objection was overruled, and the witness answered, "At least a dozen." We think there was a relevancy. The plaintiff claims there was no condition attached to the loan. If the plaintiff had advanced money to twelve other agents whose commissions had not amounted to enough to repay the loans, and no effort was made to collect the money so advanced, this fact would tend, in some small way at least, to discredit plaintiff's theory that he loaned the money to defendant to be repaid irrespective of commissions earned. And, then, it is

cross-examination, because plaintiff bases his right to recover upon the theory that the money advanced was a loan · without any conditions as to payment, and while he does not specifically so state on his direct examination, yet every intendment of his testimony is to that effect; and everything which will tend to rebut the fact testified to by a party to an action, or dispute an inference that may be drawn from his direct testimony, is admissible on cross-examination. It must be borne in mind that Perrin was the plaintiff and claiming to recover on a contract, on a theory disputed by the defendant. And surely the plaintiff in a case like this would come under the general rule, that a witness may be asked on his cross-examination any question which tends to test his accuracy, veracity, or credibility. There was no error in this ruling.

Judgment and order appealed from are affirmed.

McLaughlin, J., and Chipman, P. J., concurred.